IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA CORRECTIONAL
SUPERVISORS ORGANIZATION, et al.,

Plaintiffs,

v.

MATTHEW CATE, et al.,

Defendants.
_____/

No. C 09-05631 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 15, 2010, AT 9:00 A.M.

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court also suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively denies** Plaintiffs' Motion for a Temporary Restraining Order. The parties each shall have twenty (20) minutes to answer the following questions:

1. What is Plaintiffs' response to the argument that they have not exhausted state administrative remedies, which is raised by Defendant Endsley?

2. In their reply brief, Plaintiffs cite to *Harley v. Schuylkill County*, 476 F. Supp. 191 (E.D. Pa. 1979) to support their argument that they have standing to pursue their claims. In *Harley*, the court concluded that the plaintiff had a constitutional right to "refuse to violate another's federal constitutional right." *Harley*, 476 F. Supp. 2d at 194.

    a. What is Defendant's response to Plaintiffs' reliance on the *Harley* case?

    b. In light of Defendants' contentions that persons holding the Chief Dentist position will not be terminated from employment with the CDCR, what is Plaintiffs' best argument that they are being forced to violate inmates' constitutional rights?

    c. Do Plaintiffs have any other authority which stands for the proposition that they have a constitutional right to refuse to violate another's federal constitutional right?

3. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: January 14, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2